[Cite as *West Gate Ford Truck Sales, Inc. v. M&R Trucking, L.L.C.*, 2016-Ohio-7318.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WEST GATE FORD TRUCK SALES, INC. | ) | |
| | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | CASE NO. 14 MA 0088 |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| M & R TRUCKING, LLC | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:   Appeal from the County Court No. 5, Small Claims Division, of Mahoning County, Ohio
Case No. 2012 CVI 480

JUDGMENT:   Affirmed.

APPEARANCES:
For Plaintiff-Appellee

Attorney Elizabeth Farbman
Attorney Louis Alexander, Jr.
100 East Federal Street, Suite 600
Youngstown, Ohio 44503

For Defendant-Appellant

Attorney John Laczko
3685 Stutz Drive, Suite 100
Canfield, Ohio 44406

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: October 6, 2016

DeGENARO, J.

{¶1} Defendant-Appellant, M & R Trucking, LLC appeals the trial court's judgment denying its motion to vacate the judgment on the merits and for a new trial. Because M & R's appeal is instead an untimely challenge to the original judgment, we lack jurisdiction to consider the merits of this appeal.

{¶2} West Gate Ford Truck Sales, Inc. filed a small claims complaint against M&R for services rendered. M&R did not file an answer, but did file a counterclaim to which West Gate replied. After a trial, Westgate was awarded judgment and M&R's counterclaim was denied. No appeal was taken from this judgment.

{¶3} Instead, M&R filed a motion to vacate the judgment as well as a timely motion for new trial which were opposed by West Gate. The trial court denied these motions, and two weeks later M&R filed an appeal of this judgment only; the original judgment still was not appealed.

{¶4} M&R's sole assignment of error asserts:

The trial court denied Appellant Due Process under the Fourteenth Amendment due to the fact that Court's decision granting Appellee's request for payment for services rendered, while dismissing Appellant's counterclaim without consideration was against the manifest weight of the evidence and this decision was inconsistent with the evidence and testimony presented at trial.

{¶5} Instead of presenting arguments regarding the denial of the motions to vacate or for a new trial, which are the only issues we have jurisdiction to consider, M&R argues that the trial court's first decision, on the merits of the parties' complaint and counterclaim, was against the manifest weight of the evidence. However, M&R did not timely appeal that judgment.

{¶6} A timely motion for new trial tolls the time within which to file an appeal from the original judgment. App. R. 4(B)(2)(b). M & R filed a timely motion for a new trial 28 days after the original judgment, which tolled the appeal time until the trial court decided this post-judgment motion. Civ.R. 59(B). At the time the trial court filed

the second judgment entry—denying M & R's motion for a new trial—there remained two days to file an appeal from the original judgment on the merits. None was filed, thus the appeal time to challenge that judgment lapsed. App.R. 4(A)(1).

**{¶7}** M&R's appeal of the trial court's judgment denying the motions to vacate and for a new trial was timely filed, but no argument has been presented regarding Civ.R.60(B) or the law governing whether the trial court must grant a new trial. Moreover, Civ.R. 60(B) may not be used as a substitute for a timely direct appeal as a means to circumvent App.R. 4(A) which establishes an appeal period of thirty days.

**{¶8}** Accordingly, we are without jurisdiction to consider the merits of M&R's assignment of error. Further, M & R has failed to make any argument challenging the trial court's post-judgment ruling, which was timely appealed. Accordingly, the judgment of the trial court is affirmed.

Donofrio, P. J., concurs.

Robb, J., concurs.